Filed 3/2/21  P. v. Morton CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRUCE MORTON,<br><br>    Defendant and Appellant. | G059414<br><br>(Super. Ct. No. 99CF2224)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

In 2002, defendant Bruce Morton was convicted of assault with force likely to produce great bodily injury resulting in death of child under eight years old (count one; Pen. Code, § 273ab),[1] and murder (count two; § 187).

The trial court sentenced defendant to 25 years to life on count one, and the sentence on count two was stayed under section 654. Defendant appealed, and this court affirmed. (*People v. Morton* (Oct. 7, 2003, G030535) [nonpub. opn.].)

We need not delve deeply into the facts of the case; suffice to say that defendant was the actual killer of the five-year-old victim, who died of blunt force trauma to the head. The only other persons present at the time were defendant's 10-month-old daughter and an 11-year-old child. (*People v. Morton*, *supra*, G030535.)

In August 2020, Morton filed a petition for resentencing under section 1170.95. The petition requested appointment of counsel and stated that "the prosecution in [Morton's] case proceeded under the theory of felony murder or under the natural and probable consequence doctrine, and he could not now be convicted of second degree murder and/or child assault causing death because of the retroactive changes made to Penal Code sections 188 and 189."

The court summarily denied the petition, stating: "The petition does not set forth a prima face case for relief under the statute. A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors."

Defendant filed a notice of appeal, and appointed counsel filed a brief summarizing the case with citations to the record, but counsel raised no arguable issues

---

[1] Subsequent statutory references are to the Penal Code.

on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant filed a supplemental brief on his own behalf.

Because this is not defendant's first appeal as a matter of right, we are not required to independently review the record, but we may conduct such a review in the interests of justice. (*People v. Flores* (2020) 54 Cal.App.5th 266, 268.) Here, we have conducted an independent review of the record and we have found no arguable issues that require briefing or argument.

The Legislature adopted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, *to ensure that murder liability is not imposed on a person who is not the actual killer*, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f), italics added; see § 189, subd. (e).) SB 1437 therefore amended sections 188 and 189 to limit the natural and probable causes doctrine and the felony murder rule. (See §§ 188, 189, subd. (e).)

Additionally, SB 1437 enacted section 1170.95. Under subdivision (a) of section 1170.95, a person convicted of first or second degree murder may petition a trial court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Defendant's supplemental brief states that he is eligible for relief because the jury was instructed on a natural and probable consequences theory of murder. While

the jury was so instructed, defendant misapprehends the scope of section 1170.95.  It applies only to aiders and abettors, not those who actually committed the murder. (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 58.)  Based on the record, there is no doubt that defendant was convicted as the actual killer, not an aider or abettor.  Therefore, he is not entitled to relief under section 1170.95, and the trial court's decision was correct as a matter of law.

The judgment is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

4